IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL L. MAZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00698 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Russell L. Maze, an inmate at the Turney Center Industrial Complex in Only, Tennessee, has filed a "Case Removal," purportedly pursuant to 28 U.S.C. § 1443(2), which the Court construes as a notice of removal. For the reasons set forth herein, the Court finds that it lacks jurisdiction of the case and that the matter was improperly removed. To the extent anything remains of it, the case will be remanded to the state court from which it was theoretically removed.

### I. PROCEDURAL BACKGROUND

Mr. Maze was convicted in 2004 by a Tennessee state court jury of one count of first-degree murder and one count of aggravated child abuse stemming from the death of his infant son. The conviction and sentence were affirmed on direct appeal. *State v. Maze*, No. M2004-02091-CCA-R3-CD, 2006 WL 1132083 (Tenn. Ct. Crim. App. April 28, 2006), *perm. appeal denied* (Tenn. Aug. 28, 2006). Mr. Maze's subsequent state-court petition for post-conviction relief was also denied. *Maze v.* State, No. M2008-01837-CCA-R3-PC, 2010 WL 4324377 (Tenn. Ct. Crim. App. Nov. 2, 2010), *perm. appeal denied* (Tenn. March 9, 2011). This Court (Trauger, J.) denied Maze's timely petition for relief under 28 U.S.C. § 2254; the Sixth Circuit affirmed; and the Supreme Court denied review. *Maze v. Lester*, 564 F. App'x 172 (6th Cir. April 24, 2014), *cert. denied*, 135 S. Ct. 733 (Dec. 1, 2014).

At some point prior to the Supreme Court's denial of certiorari, Mr. Maze filed in the state trial court a "Motion for Order Correcting Error in Judgment" under Rule 36.1 of the Tennessee Rules of Criminal Procedure, arguing that his sentence was illegally imposed. The trial court entered an order denying the motion on October 30, 2014. Mr. Maze appealed that determination to the Tennessee Court of Criminal

Appeals. The state's "Motion to Affirm the Trial Court Pursuant to Rule 20, Rules of the Court of Criminal Appeals," filed on February 26, 2015, remains pending before that Court.

Apparently unhappy with the trajectory of his motion in the state courts, Mr. Maze seeks to remove the proceedings "pursuant to 28 USC § 1443(2)," based on "the lower courts judicial misconduct in the proper treatment of my case, specifically, in preventing me from being properly heard in an appeal of my current action which, according to T.R.A.P. Rule 3, should come as a matter of right." (ECF No. 1, at 1.) He avers that the state's motion to affirm establishes that "the state no longer provides [him] with an avenue in which to overcome an illegal sentence that's not authorized by statute." *Id.*

## II. DISCUSSION

Removal is sought under 28 U.S.C. § 1443(2), which provides that a civil or criminal action commenced in a state court may be removed to the federal district court by the defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

The Sixth Circuit has held, in accordance with Supreme Court precedent, that removal under this provision is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants &Sergeants Assoc. v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (per curiam) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966)). The second half of the provision was designed to protect state officers charged with enforcing federal law "from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues." *Id.* Section 1443(2) patently does not apply to Mr. Maze's situation.

Mr. Maze does not refer to 28 U.S.C. § 1443(1), but that provision would not permit removal in this situation either. That subsection permits the defendant to remove any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id.* The Supreme Court has held that this provision applies only if the defendant has been denied a right "under a federal law that provides for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Mr. Maze does not allege the denial of federal civil rights guaranteeing racial equality.

Removal is clearly improper under § 1443, and Mr. Maze does not provide any other basis for this Court's exercise of jurisdiction of an appeal currently pending in the Tennessee Court of Criminal Appeals. Moreover, even if removal were appropriate under the referenced statutes, Mr. Maze has not followed the proper procedure for removal. Among other problems, insofar as his state-court proceeding may be deemed a civil action, it was inappropriately removed because Mr. Maze is not the "defendant," 28 U.S.C. § 1446(a), and he did not seek removal within 30 days after initiation of the action, *id.* § 1446(b). Likewise, to the extent the state-court matter is deemed a continuation of Mr. Maze's criminal prosecution, removal was required within 30 days after arraignment "or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(a).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Likewise, under 28 U.S.C. § 1455(b)(4), in the context of the removal of a criminal action, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

Here, while it is unclear that there remains a "case" to be remanded to the Tennessee trial court, since the matter is already on appeal, it is perfectly clear that removal of this action should not be permitted.

An appropriate order is filed herewith, remanding this matter back to state court.

_Todd Campbell_
Todd Campbell
United States District Judge